## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
DAWN J. BENNETT HOLDING, LLC,             )
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )        Civil Action No. 16-1388 (ABJ)
                                          )
FEDEX TECHCONNECT, INC.,                  )
                                          )
              Defendant.                  )
_____)

### MEMORANDUM OPINION

Plaintiff Dawn J. Bennett Holding, LLC has brought this breach of contract and fraud action against defendant FedEx TechConnect, Inc.  Compl. [Dkt. # 1–2].  Plaintiff alleges that defendant violated the parties' pricing agreement by refusing to apply the correct discount rates to plaintiff's transportation fees, and by refusing to provide plaintiff with an accounting of payments and discounts.  *Id.* ¶¶ 8–11.  Plaintiff also alleges that defendant defrauded it by misrepresenting the size of the discounts it would receive under the pricing agreement.  *Id.* ¶¶ 13–15.  Defendant has moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint is barred by res judicata, plaintiff failed to adhere to the Agreement's notice requirement, the complaint is time barred, the fraud claim is preempted by federal law, and the complaint does not plausibly allege breach of contract or fraud. Combined Mot. to Dismiss & Mem. of P. & A. in Supp. of Mot. to Dismiss [Dkt. # 7] ("Def.'s Mot.") at 4–12.

Plaintiff opposed the motion, but it did not address defendant's arguments about the statute of limitations, preemption, or the failure of the complaint to state a claim.  *See* Pl.'s Opp. to Def.'s

Mot. [Dkt. # 9] ("Pl.'s Opp.").   In light of those concessions, and because, even setting the concessions aside, the complaint is time barred, the Court will grant defendant's motion.

## BACKGROUND

Plaintiff sells "top-of-the line sports apparel and equipment to a world-wide market." Compl. ¶ 3.  It makes over 10,000 shipments a year.  *Id.*  On April 9, 2012, plaintiff entered into a pricing agreement with defendant, after defendant "aggressively began to solicit [plaintiff's] business."  *Id.* ¶ 5; *see also* Ex. A to Compl. [Dkt. # 1-2] ("Agreement").  The purpose of the Agreement was to obtain improved transportation services at discounted rates.   Compl. ¶ 5. Plaintiff used defendant's services from April 9, 2012 through February 2014, and it paid defendant $139,036.76 in transportation fees.  *Id.* ¶¶ 6, 10.

The Agreement expressly incorporates FedEx's service guides:

> Each shipment made with FedEx is subject to the country of origin location's terms and conditions of carriage and the FedEx Service Guide in effect at the time of shipment, which terms are incorporated into this Agreement by reference.

Agreement ¶ 2.  All three relevant Service Guides for Express Shipments limit recovery for "any . . . legal or equitable relief whatsoever" to "one year from the date of delivery of the shipment or from the date on which the shipment should have been delivered."  Ex. 4 to Def.'s Mot. [Dkt. # 7-4] ("2012 Service Guide") at 9, 23; Ex. 5 to Def.'s Mot. [Dkt. # 7-5] ("2013 Service Guide") at 9, 23; Ex. 6 to Def.'s Mot. [Dkt. # 7-6] ("2014 Service Guide") at 9, 24.   And the Service Guides for Ground Shipments limit recovery for "claims for overcharges" to "18 months after the claim accrues."  2012 Service Guide at 38; 2013 Service Guide at 38; 2014 Service Guide at 39.  The Service Guides for Ground Shipments define an "overcharge" as "a charge based on an incorrect rate or an incorrect special handling fee."  2012 Service Guide at 30; 2013 Service Guide at 30; 2014 Service Guide at 31.

In January of 2014, plaintiff became concerned that it was not receiving the discounted rates to which it was entitled based on its volume of business.  Decl. of Anderson McNeill, Ex. A to Compl. [Dkt. # 1-2] ("McNeill Decl.") ¶ 6.  In January of 2014, plaintiff's Vice President and General Merchandise Manager met with a FedEx representative who admitted that plaintiff's discount was "predicated at a lower level than the level of business it was providing FedEx," and that plaintiff "was entitled to a larger discount."  *Id.* ¶¶ 2, 6–8.[1]  Plaintiff began to withhold payments after that meeting.  *Id.* ¶ 9.  Plaintiff does not specify the date it began to withhold payments, but in August 2014, a collection agency contacted plaintiff, seeking $22,377.98 in unpaid transportation fees accumulated between February 25, 2014 and August 19, 2014.  *Id.* ¶ 10.

On February 25, 2015, defendant filed suit in D.C. Superior Court to collect the unpaid transportation fees.  McNeill Decl. ¶ 10.  While that action was pending, plaintiff filed its own action on June 6, 2016 in Superior Court.  Compl.  Plaintiff alleged that defendant breached the Agreement, and committed fraud in failing to give it the rates to which it was entitled.  *Id.* ¶ 1.

On June 30, 2016, defendant timely removed plaintiff's lawsuit to this Court.  Notice of Removal [Dkt. # 1].  On July 7, 2016, defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff's complaint is barred by res judicata because it was fully adjudicated as a defense to defendant's collection action in Superior Court.  Def.'s Mot. at 4–6.  Defendant also contends that plaintiff failed to adhere to the Agreement's notice requirement, the complaint is time barred, the complaint does not adequately allege breach of contract or fraud, and the fraud claim is preempted by federal law.  *Id.* at 6–12.  Plaintiff opposed

---

1       The McNeill Declaration lists paragraph 8 twice, and skips paragraph 7.  The quoted language comes from the first paragraph 8.

the motion, but only addressed the res judicata and the notice requirement issues.[2]  Pl.'s Opp. at

6–8.  Defendant replied in support of its motion.  Reply in Supp. of Def.'s Mot. to Dis. [Dkt. # 10]

("Def.'s Reply"),

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its

decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions."  556 U.S. at 678.  And "[s]econd,

only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Id*.  A pleading must offer more than "labels

and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting

*Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."  *Id.*

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe

a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all

---

2    Plaintiff did address the federal preemption issue, but only in connection to the breach of
contract claim.  Pl.'s Opp. at 9–10.  However, defendant limited its preemption argument to the
fraud claim, Def.'s Mot. at 12, and plaintiff never addressed federal preemption for the fraud claim
in its opposition.  Because plaintiff never addressed federal preemption for fraud, the Court will
treat that argument as conceded as well.

inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).[3]

## ANALYSIS

I.    **Plaintiff conceded the arguments that it failed to address in its opposition to defendant's motion to dismiss.**

Plaintiff addressed only two of the five arguments that defendant raised in its motion to dismiss: the res judicata issue and the contractual notice issue. Pl.'s Opp. at 6–8. When a plaintiff fails to address arguments made in a motion to dismiss, the Court may treat those arguments as conceded. *See* LCvR 7(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."). "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, the court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002), citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997).

---

3       The complaint attached the Agreement, and the Agreement expressly incorporates the Service Guides, which defendant attached to its motion. So the Court will consider the Agreement and the Service Guides in resolving the motion.

So plaintiff has conceded defendant's arguments that the complaint is time barred, that the complaint does not state a claim for breach of contract or fraud, and that the fraud claim is preempted by federal law. Each of these conceded arguments would form an independent basis to grant defendant's motion to dismiss.

## II.     Even if plaintiff had not conceded the point, its complaint is time barred.

In the District of Columbia, the usual statutory period to bring an action for breach of contract is three years. D.C. Code § 12-301(7). And while the D.C. Code does not explicitly provide a statutory period for fraud claims, those claims are usually subject to a three-year limitations period as well. *See Id.* § 12-301(8) (providing a three year limitation in circumstances where "a limitation is not otherwise specifically prescribed."); *see also Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (applying section 12-301(8) to fraud claims).

However, parties may shorten the statute of limitations by contract. *See N. Valley Commc'ns, LLC v. FCC*, 717 F.3d 1017, 1019 (D.C. Cir. 2013). Here, plaintiff consented to a shortened statute of limitations for claims brought under the Agreement. The Agreement incorporates the FedEx Service Guide. Agreement ¶ 2. The Service Guide provides:

> Any right you might have to damages, refunds, credits, recovery of reliance interests, disgorgement, restitution, injunctive relief or any other legal or equitable relief whatsoever against us under any cause of action arising from the transportation of any package pursuant to the FedEx Service Guide shall be extinguished unless you file an action within one year from the date of delivery of the shipment or from the date on which the shipment should have been delivered.

2012 Service Guide at 9; *see also* 2013 Service Guide at 9; 2014 Service Guide at 9. And for ground shipments, the Service Guide provides:

> Any civil claim for overcharges must be brought within 18 months after the claim accrues.

*Id.* at 38; *see also* 2013 Service Guide at 38; 2014 Service Guide at 39.  In the complaint, plaintiff asks for an accounting from April 2012 through March of 2014, so there is no basis in the record to conclude that the claim extends beyond March 2014 at the latest.  Compl. (Relief Requested). The complaint was filed in June of 2016 and the twenty-two months between March of 2014 and that filing exceeds the contractual limitations period.

The February 2014 date is consistent with the declaration attached to the complaint.  The declaration indicates that plaintiff became aware of the overcharging in a meeting in January 2014, asked for more information, and then began withholding funds itself to account for the overcharging on some unspecified date thereafter.  McNeill Decl. ¶¶ 6–9.  When FedEx sued for the withheld funds, it sought payments that had been withheld after February 25, 2014, *see id.* ¶ 10, so the inference that can be drawn from these facts is that the claimed overcharges continued from April of 2012 until February 25, 2014.  But in an abundance of caution, the Court will utilize the March date set forth in the complaint.[4]

---

4      Defendant contends that plaintiff is seeking to recover damages occurring "no later than February 2014."  Def.'s Mot. at 9.  Since plaintiff never addressed the date that the claim accrued in its opposition to defendant's motion to dismiss, the Court could find that plaintiff conceded the issue.

**CONCLUSION**

Because plaintiff conceded the argument made by defendant that the complaint is time barred, and because the parties contractually agreed to a shortened period of limitations, the Court finds that the complaint is in fact time barred.  The Court will grant defendant's motion and this case will be dismissed.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  November 8, 2016